# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

DAVID C. LETTIERI,                          )
                                            )
        Plaintiff,               )
                                            )
        v.                        )      No. 4:25-cv-01822-CMS
                                            )
KEEFE GROUP, et al.,                        )
                                            )
        Defendants.              )

## MEMORANDUM AND ORDER

This matter is before the Court on review of Plaintiff David Lettieri's complaint and motion to proceed *in forma pauperis*. ECF Nos. 1-2. For the reasons explained below, the Court will deny Plaintiff's motion. Plaintiff will have twenty-one (21) days to pay the $405 filing fee, or this case will be dismissed without prejudice.

Plaintiff is incarcerated in the Federal Medical Center, Devens ("FMC Devens") in Ayer, Massachusetts. Based on federal court records, he is serving a 240-month sentence imposed in the Western District of New York after a jury found him guilty of one count of enticement of a minor. *See United States v. Lettieri*, No. 1:21-cr-00020 (W.D.N.Y. May 28, 2024). Accordingly, Plaintiff is a "prisoner" as defined in 28 U.S.C. § 1915(h) and is subject to the provisions of the Prison Litigation Reform Act of 1996 ("PLRA").

The PLRA "enacted a variety of reforms designed to filter out the bad [prisoner] claims and facilitate consideration of the good." *Jones v. Bock*, 549 U.S. 199, 204 (2007). One of those reforms is what is commonly described as the "three strikes" provision of 28 U.S.C. § 1915(g). *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012). Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action … under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility,

brought an action … in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Publicly-available federal court electronic records show that since 2023, Plaintiff has filed numerous cases in federal district courts across the country. At least one federal district court has deemed him a vexatious and abusive litigant, and restricted his ability to file cases. *See In re: David C. Lettieri*, No. 1:23-mc-00032 (W.D.N.Y. Oct. 24, 2025). Furthermore, Plaintiff has, while incarcerated, brought at least three civil actions that were dismissed for failure to state a claim upon which relief may be granted. *See Lettieri v. Daniels*, No. 1:23-cv-00867 (W.D.N.Y. Oct. 16, 2023); *Lettieri v. Federal Marshals*, No. 4:23-cv-02202 (N.D. Ohio Nov. 30, 2023); *Lettieri v. T-Mobile*, No. 2:24-cv-00028 (W.D. Wash. Apr. 18, 2024). Because Plaintiff has accumulated three strikes, this Court cannot grant him leave to proceed *in forma pauperis* unless his complaint demonstrates that he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

Plaintiff filed the instant complaint on or about December 15, 2025 against Keefe Group, the Bureau of Prisons, and FMC Devens, and against three individuals he identifies as B. Cinnutu, D. English, and S. Gonduluz.[1] Plaintiff complains that he was "denied the ability to watch [a] TV show" due to a "glitch in the download" of the 18-minute episode to his tablet on March 10, 2025. ECF No. 1 at 2. On March 27, 2025, Plaintiff met with B. Cinnutu, D. English, and S. Gonduluz about numerous grievances, and he alleges that he was threatened with transfer to a possibly more

---

[1] The Court notes that this is one of many cases filed by Plaintiff in this Court against this same (or nearly identical) group of defendants. *See Lettieri v. Keefe Group et al.*, No. 4:25-cv-1575-MAL (E.D. Mo. filed Oct. 20, 2025); *Lettieri v. Keefe Group et al.*, No. 4:25-cv-1798-PLC (E.D. Mo. filed Dec. 9, 2025); *Lettieri v. Keefe Group et al.*, No. 4:25-cv-1821-MAL (E.D. Mo. filed Dec. 10, 2025); *Lettieri v. Keefe Group et al.*, No. 4:25-cv-1836-CMS (E.D. Mo. filed Dec. 16, 2025); *Lettieri v. Keefe Group et al.*, No. 4:25-cv-1855-JSD (E.D. Mo. filed Dec. 17, 2025).

dangerous facility where he could be stabbed.  Plaintiff also makes vague allegations regarding being placed in a special housing unit for "fifty-eight days on a false ticket."  *Id.* at 3.  He writes: "The plaintiff was denied medical treatment which had cough up blood and been assaulted to w[h]ere wrist had bleed."  *Id.*  Overall, Plaintiff asserts violations of breach of contract, abuse of process, "civil rights tort," and state law.  *Id.* at 2-3.  He seeks monetary relief.  *Id.* at 4.

Having thoroughly reviewed and liberally construed the complaint, the Court finds that it does not demonstrate that Plaintiff is under imminent danger of serious physical injury.  Plaintiff's allegations about being unable to watch a show that he purchased do not establish imminent danger.  Plaintiff also states that he was wrongfully placed in a special housing unit where he was assaulted, and experienced symptoms that were not medically addressed.  But allegations of past harm do not trigger the imminent danger exception to section 1915(g).  *See Martin v. Shelton*, 319 F.3d 1048, 1050-51 (8th Cir. 2003) (requisite imminent danger of serious physical injury must exist at time complaint or appeal is filed); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (allegations that the prisoner may have faced imminent danger in the past are insufficient to trigger the imminent danger exception to § 1915(g)).  Finally, Plaintiff states he was threatened with transfer to a possibly more dangerous facility where he might be stabbed.  But Plaintiff's allegations are entirely conclusory, and too speculative to establish imminent danger of serious physical injury.  *See Johnson v. Stark*, 717 F.2d 1550, 1552 (8th Cir. 1983).

Therefore, this Court is unable to grant Plaintiff leave to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(g).  The Court will deny Plaintiff's motion.  If Plaintiff would like this case to proceed, he must pay the $405 filing fee within twenty-one (21) days of this Order.  Without payment of the filing fee, the Court must dismiss this action without prejudice.  *See Orr v.*

*Clements*, 688 F.3d at 464 ("If a prisoner is ineligible to proceed under § 1915, then he may still file an action or appeal, but he must pay the full filing fee up front or suffer dismissal").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff shall pay the $405 filing fee within **twenty-one (21) days** of the date of this order, if he wishes for this case to proceed.

**Plaintiff's failure to timely comply with this Order will result in the dismissal of this action, without prejudice and without further notice.**

Dated this 22nd day of December, 2025.

_____
CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE