**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

DAVID C. LETTIERI,                               )
                                                 )
      Plaintiff,                                )
                                                 )
      v.                                        )      No. 4:25-cv-01822-CMS
                                                 )
KEEFE GROUP, et al.,                             )
                                                 )
      Defendants.                               )

## MEMORANDUM AND ORDER

This case is before the Court on review of the file.  On December 22, 2025, the Court

ordered Plaintiff to pay the $405 filing fee no later than January 12, 2026.  ECF No. 3.  That

deadline has passed, and Plaintiff has neither paid the filing fee nor requested more time to do so.

Instead, Plaintiff filed a "Notice of Appeal" from the Court's Order directing the payment

of the filing fee.  ECF No. 4.  The Court will strike this filing from the record under Federal Rule

of Civil Procedure 12(f)(1), which provides that the Court, "on its own," may "strike … any

redundant, immaterial, impertinent, or scandalous matter."  In his Notice, Plaintiff appears to

allege that he is in imminent danger by using profane language to falsely and bizarrely claim that

the undersigned threatened that Plaintiff "must be … killed otherwise frivolous decisions will be

made." *See* ECF No. 4 at 1.

In addition, Plaintiff could not properly file a Notice of Appeal from the Court's Order

requiring payment of the filing fee because that Order was not a final decision. *See* Fed. R. Civ.

P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the

claims or the rights and liabilities of fewer than all the parties does not end the action as to any of

the claims or parties and may be revised at any time before the entry of a judgment adjudicating

all the claims and all the parties' rights and liabilities."). Only final judgments are appealable, unless the Court permits an interlocutory appeal of a non-final decision. *See* 28 U.S.C. § 1291 (providing that the "courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States"); 28 U.S.C. § 1292(b) (requirements to certify an order as immediately appealable). No motion to certify the Court's December 22, 2025, Order for interlocutory appeal has been filed, and the Court finds no grounds for granting such a motion under 28 U.S.C. § 1292(b). Thus, for these reasons, Plaintiff's Notice of Appeal will be stricken from the record.

Furthermore, the Court recognizes that Plaintiff has already been sanctioned by multiple other federal courts. *See Lettieri v. Vilardo*, No. 24-318, ECF No. 21 (2d Cir. issued July 9, 2024) (imposing leave-to-file sanction on Plaintiff such that Plaintiff must obtain leave of Court before filing anything); *In re David C. Lettieri*, No. 1:23-mc-00032, ECF No. 40 (W.D.N.Y. issued Oct. 24, 2025) (permanently barring Plaintiff from filing *pro se* actions without leave of court and ordering Plaintiff be fined $500 for future frivolous filings). Plaintiff is hereby warned that the filing of frivolous lawsuits is an abuse of the litigation process. Plaintiff is advised that this Court may also impose restrictions on his ability to file cases if this practice continues. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991); *In re Tyler,* 839 F.2d 1290, 1292 (8th Cir. 1988).

Finally, as of the date of this Order, Plaintiff has failed to pay the statutorily-required filing fee for this action. *See* E.D. Mo. L.R. 2.01(B)(1) ("The Clerk may refuse to receive and file any pleading or document in any case until the applicable statutory fee is paid"). He has also disregarded an Order of this Court. The Court warned Plaintiff that failure to comply with the Court's Order would result in dismissal of this action without prejudice and without further notice. ECF No. 3 at 2. The Court will therefore dismiss this action, without prejudice, for failure to

comply with the Court's Order. Fed. R. Civ. P. 41(b); *see also Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (explaining a district court has the power "to dismiss an action for the plaintiff's failure to comply with any court order").

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall strike Plaintiff's Notice of Appeal [ECF No. 4] from the record. *See* Fed. R. Civ. P. 12(f)(1).

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* Fed. R. Civ. P. 41(b). A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal would not be taken in good faith.

Dated this 27th day of January, 2026.

_____
CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE